**Herschel SAHMAUNT, Plaintiff,**

v.

**Billy Evans HORSE, Individually and as the Incumbent Chairman of the Kiowa Tribal Business Committee, and, The Members of Said Kiowa Business Committee who are Libby Littlechief, Martha Perez, Lawrence R. Ware, Brennen Tsooddle, Spencer Quetone and Harry Tonemah, Defendants.**

**No. CIV 84–1340–R.**

United States District Court, W.D. Oklahoma.

Aug. 13, 1984.

Herschel Sahmaunt, pro se.

F. Browning Pipestem, G. William Rice, Norman, Okl., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

The Plaintiff brought this action against the Defendants to redress an alleged deprivation of rights secured by the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. §§ 1301–1341 (1982). The Defendants filed a Motion to Dismiss which raised, *inter alia,* the question whether the Court has jurisdiction of the subject matter of this action. Finding this question potentially dispositive of the case, the Court ordered the parties to submit oral argument and supplemental briefs. The jurisdictional issue has now been fully briefed and argued, and the Court is prepared to dispose of the Motion to Dismiss at this time.

## I.

The Plaintiff's claim arises from events surrounding a recent tribal election of the Kiowa Business Committee. The Plaintiff and the Defendants were incumbent members of the Committee, of which the Plaintiff was Vice Chairman and the Defendant Billy Evans Horse was Chairman. Both the Plaintiff and Horse were candidates for Chairman of the Committee in the upcoming election. However, the Plaintiff was advised by the tribal Election Board that he must resign to be eligible for the election. The Plaintiff complied and the Election Board placed his name on the ballot.

The remaining members of the Business Committee challenged the action of the Election Board, alleging that the Plaintiff was ineligible for the election because he had not resigned before filing his notice of candidacy. An appeal of the Election Board's decision was taken to the Kiowa Hearing Board, which concluded that the Kiowa Constitution and Bylaws required that a candidate for an office other than the one currently held must resign his office before filing a notice of candidacy. The Plaintiff was therefore ruled ineligible for the election.

The Plaintiff alleges that the Defendants are responsible for the Hearing Board's decision, which removed the Plaintiff's name from the ballot. The Plaintiff also alleges that the acts of the Defendants violated the Kiowa Constitution and Bylaws, thereby depriving him of the due

process right guaranteed by the ICRA, 25 U.S.C. § 1302(8).

## II.

█ It is on § 1302 that the Plaintiff relies to establish the Court's subject matter jurisdiction. If the Plaintiff is able to state a claim under § 1302 that is cognizable in a federal forum, the Court will have jurisdiction under 28 U.S.C. § 1343(a)(4) (1982). *Ramey Construction v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 319 n. 3 (10th Cir.1982); *Learned v. Cheyenne-Arapaho Tribe*, 596 F.Supp. 537 (W.D.Okla.1984). If the Plaintiff cannot state such a claim, the Court will lack jurisdiction, as the Plaintiff has not alleged that the facts of this case give rise to a claim for relief under any other federal statute. Further, the Court is aware of no other such statute. Thus, for the purposes of the jurisdictional issue in this case, the dispositive question is whether the Plaintiff can state a claim under § 1302 cognizable in a federal court.

In *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), the Supreme Court of the United States addressed the issue present in this case and reached two conclusions. First, the Court determined that the cloak of sovereign immunity protecting Indian tribes was not statutorily abrogated by § 1302. 436 U.S. at 58–9, 98 S.Ct. at 1676–77. Thus, the federal courts would lack jurisdiction of claims under § 1302 brought against an Indian tribe, as the issue of sovereign immunity is a jurisdictional question. *See, e.g., Ramey Construction v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir.1982). Second, the Court held that federal courts had no jurisdiction to entertain actions to redress violations of the ICRA other than by habeas corpus petition pursuant to 25 U.S.C. § 1303. 436 U.S. at 70, 98 S.Ct. at 1683. Thus, the Supreme Court effectively closed the doors of the federal courts to § 1302 claims for declaratory, injunctive or compensatory relief. *Martinez* would seem to control the case at bar.

Nevertheless, the United States Court of Appeals for the Tenth Circuit has fashioned an exception to *Martinez* which must be considered in this case. *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes*, 623 F.2d 682 (10th Cir.1980), *cert. denied*, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847, *reh. denied*, 450 U.S. 960, 101 S.Ct. 1421, 67 L.Ed.2d 385 (1981). In *Dry Creek Lodge*, the Court of Appeals distinguished *Martinez* on a factual basis, noting that the Supreme Court had focused on three factors in determining that federal courts do not have jurisdiction of § 1302 claims. The Court identified those factors as: (1) the availability of tribal remedies; (2) a dispute which is peculiarly intratribal in nature; and, (3) an action in which all the parties are Indians. 623 F.2d at 685. The Court then concluded that tribal sovereign immunity is no bar to actions against a tribe under § 1302 in the absence of the above mentioned factors. *Id.* Thus, even though the language of the Supreme Court in *Martinez* seems to this Court to require dismissal of this case for lack of subject matter jurisdiction, *see, e.g., Dry Creek Lodge*, 623 F.2d at 685–6 (Holloway, J., dissenting), the Court must nevertheless consider whether the case at bar falls within the exception established by the Court of Appeals in *Dry Creek Lodge*.

It is the opinion of the Court that this case does not fall within the exception enunciated in *Dry Creek Lodge*. First, it is undisputed that all the parties to this action are Indians; indeed, all parties were members of the Kiowa Business Committee prior to the event in question. One factor distinguishing *Dry Creek Lodge* from *Martinez* was the presence of non-Indian parties in the former case. *Dry Creek Lodge*, 623 F.2d at 684. *See also, White v. Pueblo of San Juan*, 728 F.2d 1307, 1312 (10th Cir.1984).

Second, the election dispute in this case is of the intratribal nature contemplated by the Supreme Court in *Martinez*. *See, e.g., Learned v. Cheyenne-Arapaho Tribe*, 596

F.Supp. 537 (W.D.Okla.1984). The dispute affects only Kiowa Indians, whether viewed from the perspective of the voters or the candidates. Such a dispute would be best resolved by resort to elected tribal officials or to tribal dispute resolution mechanisms. *See Martinez*, 436 U.S. at 66, 98 S.Ct. at 1681. This Court has neither the expertise in nor the understanding of tribal history and customs necessary to resolve the election dispute in a manner consonant with both Kiowa law and the ICRA. Only a Kiowa tribunal can provide these essential attributes.

Third, the Plaintiff has failed to show that tribal remedies are unavailable. Although the Complaint recites the allegation that "plaintiff ... has no adequate tribal remedies and any tribal remedy which might exist has proven one which is futile," such an allegation is insufficient to bring this case into the *Dry Creek Lodge* exception. To fall within the exception, "the aggrieved party must have actually sought a tribal remedy, not merely alleged its futility." *White v. Pueblo of San Juan*, 728 F.2d 1307, 1312 (10th Cir.1984). The Plaintiff argues that because the tribal court established by the Code of Federal Regulations (C.F.R.), the Court of Indian Offenses, is regarded by the Bureau of Indian Affairs (BIA) as lacking jurisdiction over election disputes, that remedy is unavailable. The Court finds this proposition without merit. Although the BIA did in 1980 express such an opinion, it does not follow that the same result would be obtained in this setting. Under the reasoning in *White*, the Plaintiff should be required to seek redress in the CFR Court before claiming that such a remedy is unavailable. Further, the Plaintiff has presented no evidence concerning a possible appeal of BIA action available under 25 C.F.R. § 2.21–2.-20 (1983). As these tribal legal and administrative remedies are exclusive until proven non-existent, *White*, 728 F.2d at 1312, the Court cannot conclude that tribal remedies are unavailable on the facts of this case.

Finally, assuming *arguendo* that the above mentioned factors favored the Plaintiff in this case, the Court must nevertheless conclude that the case at bar is inappropriate for application of *Dry Creek Lodge* exception. Even before the announcement of the restrictive rule in *Martinez* created the need for the *Dry Creek Lodge* exception of "absolute necessity", *White*, 728 F.2d at 1312, the Tenth Circuit had concluded that claims arising from tribal election disputes were not actionable in the federal courts under § 1302. *Groundhog v. Keeler*, 442 F.2d 674, 682 (10th Cir. 1971) ("By its stated intentional exclusion from the Act ... any basis of federal court jurisdiction over tribal elections was definitely eliminated.") *Accord, Motah v. United States*, 402 F.2d 1, 2 (10th Cir. 1968). The decision in *Dry Creek Lodge* was directed only at perceived injustices resulting from the absolute rule of *Martinez*, and there is no reason to conclude that *Dry Creek Lodge* modified the approach taken in *Groundhog*. The *Dry Creek Lodge* exception cannot authorize federal jurisdiction of claims otherwise unactionable in federal courts under § 1302. *See Learned v. Cheyenne-Arapaho Tribe*, 596 F.Supp. 537 (W.D.Okla.1984).

Based on the above stated reasoning, the Court concludes that the *Dry Creek Lodge* exception does not apply to this case.

### III.

As the Court has found the *Dry Creek Lodge* exception inapplicable, there remains only the application of the *Martinez* rationale to the case at bar. A fair reading of the Plaintiff's Complaint makes clear that the Plaintiff complains of official acts committed by the Kiowa Business Committee. Such a claim based on § 1302 is barred by the doctrine of tribal sovereign immunity enunciated by the Supreme Court in *Martinez*. 436 U.S. at 58, 98 S.Ct. at 1677.

The Plaintiff does argue that his Complaint states claims against the Defendants as individuals. Assuming *arguendo* this is true, tribal sovereign immu-

nity nevertheless bars the Plaintiff's claims. Tribal sovereign immunity applies to tribal officials acting in their official capacity. *United States v. State of Oregon,* 657 F.2d 1009, 1012 n. 8 (9th Cir.1981); *Kenai Oil & Gas v. Department of Interior,* 522 F.Supp. 521, 531 (D.Utah 1981), *aff'd,* 671 F.2d 383 (10th Cir.1982). *Compare Martinez,* 436 U.S. at 59, 98 S.Ct. at 1677 ("As an officer ... petitioner ... is not protected by the tribe's immunity from suit."). Nor does it avail the Plaintiff to allege that the Defendant tribal officials acted outside the scope of their authority. The decision in *Martinez* distinguished individual tribal defendants from the tribe itself for purposes of sovereign immunity, but nonetheless concluded that § 1302 claims against individuals are not actionable in federal courts because Congress did not intend to authorize federal jurisdiction of ICRA claims other than for habeas corpus relief under § 1303. *Martinez,* 436 U.S. at 70, 98 S.Ct. at 1683. The Plaintiff in this action seeks declaratory, injunctive and compensatory relief. Thus, the Plaintiff cannot maintain this action as against individuals in this Court.

### IV.

In summary, the Court concludes that it lacks subject matter jurisdiction of this action for the following reasons:

(1) The Court lacks jurisdiction of any claims against the Kiowa Business Committee because that body is protected by tribal sovereign immunity;

(2) The Court lacks jurisdiction of any claims against the tribal officials as individuals because those officials are similarly protected by tribal sovereign immunity; and,

(3) The Court lacks jurisdiction of any claims against the tribal officials acting *ultra vires* because § 1302 was not intended to confer jurisdiction on the federal courts to render declaratory, injunctive or compensatory relief under the ICRA.

Accordingly, the Defendants' Motion to Dismiss for lack of subject matter jurisdiction is granted.