Knowlton H. BROWN, d/b/a Knowlton
H. Brown Construction Co.,
Plaintiff–Appellee,

v.

WASHOE HOUSING AUTHORITY,
Defendant–Appellant.

No. 86–2527.

United States Court of Appeals,
Tenth Circuit.

Jan. 4, 1988.

Dale T. White (James M. O'Reilly, Gard-nerville, Nev., and LeRoy S. Axland and Michael W. Homer, of Suitter, Axland, Armstrong & Hanson, Salt Lake City, Utah, with him on the briefs), of Fredericks & Pelcyger, Boulder, Colo., for defendant-appellant.

Wilford A. Beesley (Jack Fairclough, Salt Lake City, Utah, with him on the brief), Salt Lake City, Utah, for plaintiff-appellee.

Before McKAY, MOORE, and
TACHA, Circuit Judges.

TACHA, Circuit Judge.

The Washoe Housing Authority appeals from the district court's denial of a motion to dismiss this diversity suit pending consideration by the appropriate tribal forum. The Supreme Court's recent decision in *Iowa Mutual Insurance Co. v. LaPlante,* — U.S. ——, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987), decided after the district court's ruling, instructs that the federal courts should not consider a suit arising from activities on tribal land until the plaintiff has exhausted his or her tribal court remedies. We therefore reverse.

The Washoe Tribe is a federally recognized tribe located in Nevada and California. In 1963, the tribe created the Washoe Housing Authority (Washoe) to provide low income housing on tribal lands. Brown Construction Co., a Utah corporation, entered into a contract with Washoe in 1979 to construct low-cost housing on tribal lands in Nevada. Brown filed this suit in federal district court in Utah in 1985, alleging that Washoe had breached and improperly managed the contract and thus caused Brown additional and unnecessary costs.

Washoe challenged the jurisdiction of the court on several grounds. Washoe first filed motions challenging the personal jurisdiction of the court in Utah and moving for a change of venue. The district court denied these motions. *Brown v. Washoe Housing Auth.,* 625 F.Supp. 595 (D.Utah 1985). Washoe then filed a motion to dismiss based on sovereign immunity and the absence of subject matter jurisdiction. The district court held that Washoe had waived

its tribal immunity and that there is diversity jurisdiction under 28 U.S.C. § 1332.

Washoe appeals from the district court's holding that diversity jurisdiction exists in this case. Washoe contends that the exclusive forum for this suit is the Washoe Tribal Court, which has "subject matter jurisdiction over all civil causes of action" arising within its territorial jurisdiction. Washoe Tribe of Nev. and Cal.Law and Order Code 1–20–020. Washoe thus asserts that the federal courts have no diversity jurisdiction in this case.

In *Iowa Mutual,* the Supreme Court considered whether "a federal court may exercise diversity jurisdiction before the tribal court system has an opportunity to determine its own jurisdiction." 107 S.Ct. at 974. The Court had previously held that a federal court, as a matter of comity, should not exercise federal question jurisdiction over a case arising from activities on a reservation until tribal remedies are exhausted. *National Farmers Union Ins. Co. v. Crow Tribe,* 471 U.S. 845, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985). The Court in *Iowa Mutual* held that principles of comity also demand that tribal remedies be exhausted before a claim based on diversity of citizenship is addressed by a federal court. The Court emphasized "the Federal Government's longstanding policy of encouraging tribal self-government" and the vital role that tribal courts play in tribal self-government. 107 S.Ct. at 975–76. The Court determined that "unconditional access to the federal forum would place it in direct competition with the tribal courts, thereby impairing the latter's authority over reservation affairs." *Id.* at 977. The Court thus concluded that "the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the Tribal Court a 'full opportunity to determine its own jurisdiction.'" *Id.* (quoting *National Farmers Union,* 105 S.Ct. at 2454).

Since *Iowa Mutual* was decided, several courts have held that a federal court must defer to tribal court remedies as a matter of comity. *See United States v. Turtle Mountain Housing Auth.,* 816 F.2d 1273, 1276–77 (8th Cir.1987) (dismissing suit brought by tribal member against tribal housing authority); *Wellman v. Chevron U.S.A., Inc.,* 815 F.2d 577, 578–79 (9th Cir.1987) (dismissing suit brought by tribal member against contractor); *Snowbird Constr. Co. v. United States,* 666 F.Supp. 1437, 1444 (D.Idaho 1987) (dismissing suit brought by contractor against tribal housing authority). We agree with these courts and hold that the considerations of comity relied upon in *Iowa Mutual* require Brown to exhaust its tribal remedies before a federal court will consider this case.

Brown argues that *Iowa Mutual* does not resolve this case. Brown contends that the "sue and be sued" clause in its contract with Washoe supports federal diversity jurisdiction. As the district court observed, however, federal jurisdiction cannot be established by consent. *See Weeks Constr., Inc. v. Oglala Sioux Housing Auth.,* 797 F.2d 668, 671 (8th Cir.1986). Brown also cites several cases that allegedly show that a federal court may exercise diversity jurisdiction in a case involving the activities of a non-Indian on a reservation. Without deciding whether these decisions support Brown, we note that the exhaustion of tribal remedies is required as a matter of comity, not because there is no subject matter jurisdiction. Indeed, the Supreme Court reversed the Ninth Circuit's dismissal for lack of subject matter jurisdiction in *Iowa Mutual,* holding instead that the tribal courts should first consider the case as a matter of comity. 107 S.Ct. at 978–79; *see also Wellman,* 815 F.2d at 578 ("The [district court's] ruling was correct though based upon the wrong reason. The dismissal should have been based on comity, rather than lack of subject matter jurisdiction.").

The district court based its finding of subject matter jurisdiction upon a determination that Congress intended to apply the diversity statute in cases involving the United States Housing Act of 1937, ch. 896, 50 Stat. 888 (codified as amended 42 U.S.C. § 1437 et seq.). The Washoe Housing Authority was established pursuant to federal

regulations implementing the Housing Act. *See* 24 C.F.R. §§ 905.101, 109. The district court relied upon the congressional objectives underlying the Housing Act as evidence of an intent to create diversity jurisdiction. In *Iowa Mutual*, however, the Supreme Court stressed that tribal sovereignty includes tribal authority over all of the activities of non-Indians on reservation lands. 107 S.Ct. at 978. Therefore, "[c]ivil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute." *Id.* There is no specific provision in the Housing Act limiting tribal court jurisdiction. The "general purposes" of that act are far from the express congressional command necessary to restrict tribal jurisdiction. We therefore disagree with the district court that Congress has acted to confer diversity jurisdiction in this case.

■ We do not dismiss this suit at this time. "On remand, the District Court should consider whether, on the facts of this case, the federal action should be stayed pending further Tribal Court proceedings or dismissed under the prudential rule announced in *National Farmers Union*." *Iowa Mutual*, 107 S.Ct. at 979 n. 14. Once the tribal courts have acted, their determination of jurisdiction is subject to review in federal court. *Id.* at 978; *accord Wellman*, 815 F.2d at 578; *Turtle Mountain Housing Auth.*, 816 F.2d at 1277 n. 2; *Snowbird Constr. Co.*, 666 F.Supp. at 1444.

REVERSED AND REMANDED.