**Alinda TILLETT, Plaintiff,**

v.

**Donald P. HODEL, as the United States Secretary of the Interior, et al., Defendants.**

**No. CIV–89–289–A.**

United States District Court, W.D. Oklahoma.

Feb. 16, 1990.

Alinda Tillett, Lawton, Okl., pro se.

Ethel C. Krepps, William S. Price, U.S. Atty., Eleanor Darden Thompson, Asst. U.S. Atty., Oklahoma City, Okl., John

Echols, Echols & Echols, Inc., Tulsa, Okl., for defendants.

## MEMORANDUM OPINION

ALLEY, District Judge.

Plaintiff, a member of the Kiowa Tribe, filed this action *pro se* against various federal and tribal officials, alleging violations of her constitutional rights by the Court of Indian Offenses, established by the Anadarko Area Office, Bureau of Indian Affairs, pursuant to 25 C.F.R. Part 11. She further claims that certain officers of the Kiowa Tribe have been effectively recalled and that there has been misuse of tribal funds. Plaintiff argues that the Court of Indian Offenses is itself unconstitutional and that its order granting a Temporary Restraining Order was likewise unconstitutional.

The federal defendants have now moved for summary judgment on the grounds that: (1) Congress was within its powers in authorizing the creation of Courts of Indian Offenses; (2) plaintiff has failed to exhaust her remedies in the Court of Indian Offenses; and (3) this Court lacks jurisdiction over internal tribal disputes. Apparently in response to this motion, plaintiff has in turn filed a "Plaintiff's Motion to Convene Three Judge Court and if Necessary Motion for Leave to File Non-conforming Motion" in which she reasserts among other things her argument that the operation of the Court of Indian Offenses violates her constitutional rights. A summary judgment motion under Fed.R.Civ.P. 56, imposes on the movant the burden of establishing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Because there are no material factual issues in dispute and because the issue may be resolved as a matter of law, summary judgment is appropriate.

The relevant facts from which the claim arose are undisputed. The Kiowa Tribe sought injunctive relief against plaintiff in the Court of Indian Offenses alleging that plaintiff, among others, represented herself to be an agent of the Tribe and interfered with the Tribe's business dealings. On February 8, 1989, the C.F.R. Court entered a minute order stating in part: "[Defendants] failed to appear after appearing in court this A.M., [Defendants] were not given permission to leave. The TRO was granted." On February 21, 1989 a Temporary Restraining Order–Default issued, and the matter was set for further hearing on March 23, 1989. No appeal was taken and neither a temporary nor a permanent injunction has been entered in this case, *Kiowa Business Committee, Kiowa Tribe of Oklahoma v. Whitehorse, et al.*, No. CIV–89–A39 (Court of Indian Offenses, Anadarko Area Office, BIA). However, plaintiff did file another action in the C.F.R. Court of Indian Offenses against certain members of the business committee, regarding the alleged misuse of tribal funds and validity of the recall, which action has been consolidated with Case No. CIV–89–A39 and is still pending.

### Discussion

Plaintiff contends that the Court of Indian Offenses is unconstitutional as created and operated. Courts of Indian Offenses are established in designated areas for the purpose of providing "adequate machinery of law enforcement for those Indian tribes in which traditional agencies for the enforcement of tribal law and custom have broken down for which no adequate substitute has been provided under federal or state law." 25 C.F.R. § 11.1(b). The Anadarko Area tribes are among those specifically designated in the regulation. 25 C.F.R. § 11.1(a)(19).

■ The Court has found no reported case passing squarely on the issue of the constitutionality of the establishment of the Courts of Indian Offenses. However, in an early case, a court rejected the argument that the Department of the Interior did not have authority to establish Courts of Indian Offenses, holding that the President had been delegated authority by Congressional Act under Sections 441, 463 and 465 of the Revised Statutes, to manage all Indian affairs, which delegation was broad enough to encompass the creation of

Courts of Indian Offenses. *United States v. Clapox*, 35 F. 575 (D.Ore.1888). Nonetheless, it is well established that Congress does have "plenary authority to legislate for the Indian tribes in all matters, including their form of government." *United States v. Wheeler*, 435 U.S. 313, 319, 98 S.Ct. 1079, 1084, 55 L.Ed.2d 303 (1978). While no specific legislation expressly authorizes the creation of the Courts of Indian Offenses, Congress has repeatedly recognized their existence. The Indian Civil Rights Act of 1968, 25 U.S.C. § 1301(3) expressly recognizes the existence of the Courts of Indian Offenses. Congress also directed the creation of a model code to govern the administration of justice by these courts and directed training of judges for the Courts of Indian Offenses. 25 U.S.C. § 1311(4). In 25 U.S.C. § 13, Congress implicitly recognized the Courts of Indian Offenses by authorizing funding for "Indian judges".

In *Iowa Mutual Insurance Company v. LaPlante*, 480 U.S. 9, 14–15, 107 S.Ct. 971, 975–76, 94 L.Ed.2d 10 (1987) the Supreme Court explained:

> We have repeatedly recognized the Federal Government's long-standing policy of encouraging tribal self-government (citations omitted). This policy reflects the fact that Indian tribes retain 'attributes of sovereignty over both their members and their territory.' *United States v. Mazurie*, 419 U.S. 544, 557 [95 S.Ct. 710, 717, 42 L.Ed.2d 706] (1975), to the extent that sovereignty has not been withdrawn by federal statute or treaty. The federal policy favoring tribal self-government operates even in areas where state control has not been affirmatively preempted by federal statute.
>
> .    .    .    .    .
>
> Tribal courts play a vital role in tribal self-government (citation omitted) and the Federal Government has consistently encouraged their development. Although the criminal jurisdiction of the tribal courts is subject to substantial federal limitation (citation omitted), their civil jurisdiction is not similarly restricted.

Creation of the Court of Indian Offenses is consistent with the Congressional policy of supporting tribal self-government and self-determination. The Court concludes that the creation of the Courts of Indian Offenses is a valid exercise of the power of the Secretary of the Interior as delegated to him by the Congress which holds plenary power over Indian tribes.

■ Plaintiff next claims that the Temporary Restraining Order entered by the Court of Indian Offenses is invalid inasmuch as it was entered without giving her an opportunity to be heard. Plaintiff did not seek to vacate the default judgment as permitted by Rule 2.54c Rules of the Court of Indian Offenses, Anadarko Area Office, BIA; nor did she file a motion to alter or amend the judgment, as provided by Rule 2.58. If plaintiff is dissatisfied with the relief the tribal court provides, she may appeal any decision to the Court of Indian Appeals pursuant to 25 C.F.R. § 11.6 and § 33 of the Rules of the Court of Indian Offenses, Anadarko Area Office, General Provisions.

■ At the outset, the Court notes that to the extent that plaintiff argues that 25 U.S.C. § 1302 of the Indian Civil Rights Act is a vehicle through which federal courts are empowered to grant relief in civil cases arising out of tribal actions in connection with self-government, her claim must fail. The Indian Civil Rights Act does not expressly or impliedly authorize actions for declaratory or injunctive relief against either the tribe or its officials. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Although Section 1302 of the Indian Civil Rights Act effectively imposes certain restrictions upon tribal governments similar, but not identical, to those contained in the Bill of Rights and the Fourteenth Amendment, *Id.* at 57, 98 S.Ct. at 1656, federal court enforcement of the Indian Civil Rights Act is limited solely to habeas corpus review of tribal criminal proceedings, *Id.* at 67, 98 S.Ct. at 1681–82.

■ Petitioner also challenges the jurisdiction of the tribal court as it pertains to herself. Regardless of the basis for feder-

**384**

al jurisdiction, as a matter of comity, federal courts should not entertain a challenge to the jurisdiction of a tribal court until tribal court remedies have been exhausted. *Iowa Mutual Ins. Co.*, 480 U.S. at 15–16, 107 S.Ct. at 976–77; *National Farmers Union Insurance Cos. v. Crow Tribe*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). *See also, Brown v. Washoe Housing Authority*, 835 F.2d 1327 (10th Cir. 1988) (contractor, claiming jurisdiction under 28 U.S.C. § 1332 who was suing Indian tribal housing authority for breach of contract was required to exhaust its Indian tribal court remedies, before bringing suit in federal court); *United States v. Turtle Mountain Housing Authority*, 816 F.2d 1273, 1276–77 (8th Cir.1987) (dismissing suit brought by tribal member against tribal housing authority); *Wellman v. Chevron USA, Inc.*, 815 F.2d 577, 578–79 (9th Cir.1987) (dismissing suit by tribal member against contractor).

Determining the extent of a tribal court's jurisdiction "require(s) a careful examination of tribal sovereignty, the extent to which that sovereignty has been altered, divested, or diminished, as well as a detailed study of relevant statutes, Executive Branch policy as embodied in treaties and elsewhere, and administrative or judicial decisions." *Id.* at 855–56, 105 S.Ct. at 2453–54. Exhaustion of tribal remedies requires at a minimum that tribal appellate courts must be given the opportunity to review the determination of the lower tribal courts before federal courts consider the issue. *Iowa Mutual Insurance Co. v. LaPlante*, 480 U.S. at 16, 107 S.Ct. at 976–77. This requirement of exhaustion of tribal court remedies (1) furthers the Congressional policy of supporting tribal self-government and self-determination; (2) provides the forum whose jurisdiction is being challenged the first opportunity to establish the factual and legal bases of the challenge; (3) aids the orderly administration of justice by allowing a full record to be developed by the tribal court; and (4) provides other courts with the benefit of tribal court expertise. *National Farmers Union Insurance Company*, 471 U.S. at 856–57, 105 S.Ct. at 2453–54. Plaintiff has

clearly failed to exhaust her tribal court remedies.

Plaintiff also seeks to litigate numerous allegations regarding removal of tribal officials and embezzlement of tribal funds although she makes no prayer for relief concerning these issues. The issues raised by plaintiff involve the relationship of a citizen of a tribe to her tribal government. Plaintiff deplores the manner in which the Kiowa Business Committee has operated and complains that the Bureau of Indian Affairs has not undertaken action to resolve the disputes. The issues of the alleged misuse of tribal funds and the effectiveness of the recall are clearly intratribal disputes involving only Indian parties and there is no showing that tribal remedies are unavailable. The matter is an internal political issue to be resolved by the Kiowa Tribe. *See, Wheeler v. Swimmer*, 835 F.2d 259 (10th Cir.1987); *Wheeler v. United States Department of Interior*, 811 F.2d 549 (10th Cir.1987); *Learned v. Cheyenne–Arapaho Tribe*, 596 F.Supp. 537 (W.D.Okla.1984); *Sahmaunt v. Horse*, 593 F.Supp. 162 (W.D.Okla.1984).

Plaintiff and the Kiowa Business Committee have both invoked the jurisdiction of the Bureau of Indian Offenses to adjudicate the dispute and this action should be and is hereby dismissed to permit the Court of Indian Offenses to conclude the litigation pending before it and to permit plaintiff to pursue tribal remedies. Accordingly, the defendants' Motion for Summary Judgment is granted and this action is in all respects dismissed to allow adjudication in the appropriate forum, the Court of Indian Offenses.

It is so ordered.