**Norma Jean WHITEBIRD, Plaintiff,**

v.

**The KICKAPOO HOUSING AUTHORITY and Diana Mariscal, Defendants.**

**Civ. A. No. 90–4043–S.**

United States District Court, D. Kansas.

Nov. 20, 1990.

Pamela S. Thompson, Horton, Kan., for plaintiff.

Phillip A. Burdick, Gernon, Collins & Burdick, Hiawatha, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss for lack of personal and subject matter jurisdiction and on the basis of tribal sovereign immunity. In this action, plaintiff alleges that a letter sent by defendant, Diana Mariscal, Executive Director of Defendant Kickapoo Housing Authority, to plaintiff's employer, informing the employer that plaintiff was behind on her housing payments and re-questing the employer's assistance in collecting those payments, violated federal law, *i.e.*, the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiff also asserts a state-law claim for infliction of emotional and mental distress based on the letter incident.

Defendants argue that they are immune from plaintiff's claims based on tribal sovereign immunity. In response to defendants' motion, plaintiff contends that immunity does not apply in this action because defendant Kickapoo Housing Authority is not a tribal corporation or a sub-entity of the Kickapoo Tribe and defendant Mariscal is not a tribal official, but rather an employee of the housing authority. Thus, plaintiff argues that all defendants are individual members of the tribe and as such, sovereign immunity does not apply. Plaintiff further argues that even if defendants were immune, they have waived immunity by virtue of language in the housing authority's incorporating documents allowing it to "sue or be sued in its corporate name ..."

Indian tribes have long been recognized as possessing commonlaw immunity from suit. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978). Tribal sovereign immunity also applies to tribal officials acting in their official capacity. *See Sahmaunt v. Horse*, 593 F.Supp. 162, 166 (W.D.Okla.1984) (citations omitted). The parties have not been very conscientious in their pleadings about elucidating defendants' status vis-a-vis the Kickapoo Tribe, which bears on whether defendant Kickapoo Housing Authority and its executive director, defendant Mariscal, are entitled to avail themselves of the tribe's sovereign immunity. *See Weeks Constr., Inc. v. Oglala Sioux Housing Auth.*, 797 F.2d 668, 670–71 (8th Cir.1986) (stating that a housing authority, established by a tribal council possesses immunity from suit as "an arm" of the council) (citations omitted). Even assuming that defendants possess immunity from suit, however, the court finds that the "sue or be sued" language in defendant housing authority's incorporating documents can be deemed an express

waiver of immunity. *See Kickapoo Tribal Housing Auth. v. Negonsott*, No. 87–4183–R, slip op. at 3 (D. Kan., *unpublished*, Jan. 22, 1990) (1990 WL5732, 1990 U.S.Dist. LEXIS 601); *Snowbird Constr. Co., Inc. v. United States*, 666 F.Supp. 1437, 1441 (D. Idaho 1987). Thus, the court finds that defendants' motion to dismiss should not be granted on this basis.

■ Defendants further contend that plaintiff's claims should be dismissed because she has failed to exhaust her remedies before a tribal court. Plaintiff is an enrolled member of the Kickapoo Tribe in Kansas and a resident of the Kickapoo reservation in Brown County, Kansas. On November 7, 1989, the Kickapoo Tribal Council authorized and established a Civil Tribal Court, which was approved by the Bureau of Indian Affairs of the United States Government on March 7, 1990. This action arose out of actions by the Defendant Diana Mariscal, Executive Director of Defendant Kickapoo Housing Authority; such actions occurred on the Kickapoo reservation in Kansas. In their motion to dismiss, defendants contend that this court lacks personal and subject matter jurisdiction over this action by virtue of plaintiff's undisputed failure to resort to the tribal court prior to filing this action.

When subject matter jurisdiction is challenged, the burden is upon the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). In her complaint, plaintiff alleges that jurisdiction is proper based upon the general federal question statute, 28 U.S.C. § 1331, and the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiff's Complaint, at ¶ 4. Thus, on its face plaintiff's complaint alleges a basis for the court's assertion of subject matter jurisdiction in this case.

In *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987), the United States Supreme Court discussed the requirement that tribal remedies be exhausted before resorting to federal courts. In stating that the exhaustion requirement does not deprive federal courts of subject matter jurisdiction over these actions, but rather is imposed as a matter of comity, the Court stated:

> As the Court's directions on remand in *National Farmers Union [Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985) ] indicate, the exhaustion rule enunciated in *National Farmers Union* did not deprive the federal courts of subject-matter jurisdiction. Exhaustion is required as a matter of comity, not as a jurisdictional prerequisite. In this respect, the rule is analogous to principles of abstention articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 [96 S.Ct. 1236, 47 L.Ed.2d 483] (1976); even where there is concurrent jurisdiction in both the state and federal courts, deference to state proceedings renders it appropriate for the federal courts to decline jurisdiction in certain circumstances. In *Colorado River*, as here, strong federal policy concerns favored resolution in the nonfederal forum. *See id.* at 819 [96 S.Ct. at 1247].

480 U.S. at 16 n. 8, 107 S.Ct. at 976 n. 8. *See Brown v. Washoe Housing Auth.*, 835 F.2d 1327, 1328 (10th Cir.1988) (stating that "exhaustion of remedies is required as a matter of comity, not because there is no subject matter jurisdiction").

Thus, although the court finds both that plaintiff has adequately alleged the court's subject matter jurisdiction to withstand defendants' motion to dismiss on that ground, and that the court possesses jurisdiction over the subject matter of this case, the court finds that the principles of comity underlying the exhaustion requirement dictate that this court defer to tribal court remedies. *Iowa Mutual Ins. Co.*, 480 U.S. at 16, 107 S.Ct. at 976; *National Farmers Union Ins. Cos.*, 471 U.S. at 857, 105 S.Ct. at 2454; *Brown*, 835 F.2d at 1328. Thus, given the above-outlined facts of this case and the applicable case law, the court finds that this action should be dismissed so that the tribal court may have an opportunity to consider this matter. *Brown*, 835 F.2d at 1328.

IT IS BY THE COURT THEREFORE ORDERED that this action is dismissed.