Craig **WELLMAN**, d/b/a Craig Wellman Construction, Plaintiff-Appellant,

v.

**CHEVRON U.S.A., INC.,** Defendant-Appellee.

No. 86–3919.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 1987.*

Decided April 23, 1987.

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Alexander (Zander) Blewett, III, Great Falls, Mont., for plaintiff-appellant.

Michael E. Webster, Billings, Mont., for defendant-appellee.

Before BROWNING, WRIGHT, and HALL, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The question presented on this appeal is whether a federal district court may exercise jurisdiction over a civil suit brought by an Indian concerning a contract with a non-Indian corporation for work on tribal lands, without first requiring the Indian to exhaust his remedies in tribal court.

Wellman, a member of the Blackfeet Indian Tribe, lives on the Blackfeet Reservation. He operates Craig Wellman Construction. Chevron is incorporated in Pennsylvania. It has an oil and gas lease from the Blackfeet Tribe for its drilling operations on the reservation, and the lease requires that preference be shown to Indian contractors. Chevron contracted with Wellman for the construction of an access road to one of Chevron's exploratory wells located on the reservation. The Tribe itself was not a party to Wellman's contract. After he commenced work on the project, Chevron terminated the contract. Wellman sued in district court for breach of contract. Jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332(a) (1982). Chevron moved to dismiss, and the district court granted the motion for lack of subject matter jurisdiction.

■ The ruling was correct though based upon the wrong reason. The dismissal should have been based on comity, rather than lack of subject matter jurisdiction. Federal policy favors the promotion of tribal self-government. *Iowa Mutual Ins. Co. v. LaPlante*, — U.S. —, 107 S.Ct. 971, 975, 94 L.Ed.2d 10 (1987); *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985); *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 781 F.2d 1411, 1415 (9th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 2008, 90 L.Ed.2d 659 (1986). Tribal authority over the activities of non-Indians on reservation lands is an important part of tribal sovereignty. *LaPlante*, 107 S.Ct. at 976; *see also Montana v. United States*, 450 U.S. 544, 565–66, 101 S.Ct. 1245, 1258–59, 67 L.Ed.2d 493 (1981).

Civil jurisdiction over such activities presumptively lies in the tribal courts unless limited by federal statute or a specific treaty provision. *LaPlante*, 107 S.Ct. at 976; *see also R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 983 (9th Cir.1983) (tribal court is generally the exclusive forum for adjudication of disputes, between Indians and non-Indians, which arise on the reservation), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).

If unconditional access to federal court were permitted in diversity and federal question cases, the court would be in direct competition with the tribal court, impairing the latter's authority over Indian affairs. *LaPlante*, 107 S.Ct. at 977. Considerations of comity require the exhaustion of tribal remedies before the claim may be addressed by the district court. *Id.* at 976; *National Farmers Union Ins. Cos.*, 471 U.S. at 857, 105 S.Ct. at 2454.

■ The Supreme Court held that a federal court may not exercise diversity jurisdiction over a civil dispute relating to reservation affairs before an appropriate Indian tribal court system has first had an opportunity to determine its own jurisdiction. The exhaustion requirement does not deprive the federal courts of subject matter jurisdiction. *LaPlante*, 107 S.Ct. at 976 n. 8; *National Farmer Union Ins. Cos.*, 471 U.S. at 857, 105 S.Ct. at 2454. The tribal court's determination of tribal jurisdiction is ultimately subject to review. *LaPlante*, 107 S.Ct. at 978; *see also National Farmers Union Ins. Cos.*, 471 U.S. at 857, 105 S.Ct. at 2454.

The judge did not have the benefit of the *LaPlante* decision. Because that opinion was rendered after the briefing in this case, we invited supplemental letter briefs by the parties. Each has commented on

the opinion's applicability. As we might have expected, counsel for the appellee have argued that *LaPlante* is dispositive. Also to be expected was the appellant's argument that *LaPlante* could be distinguished. We are unable to distinguish it.

Wellman notes that *LaPlante* involved a non-Indian plaintiff. Wellman, by contrast, is an Indian plaintiff. This, he says, is a material distinction. He contends that he should be allowed to sue in district court in the first instance, just as could a non-Indian. Otherwise, he will bear the burden of having to file his tribal court judgment in a district court with jurisdiction over Chevron. He claims that by limiting his access to district court, the law imposes on him an unfair and discriminatory burden.

There is no difference between Indians and non-Indians here. If the dispute arises in Indian territory, both are limited to tribal court as the forum of first recourse. It is in non-Indian matters only that non-Indians can go to district court directly. This is not such a case.

The judgment of the district court is affirmed, as Wellman failed to exhaust his remedies in the tribal court.