STOCK WEST CORPORATION, an
Oregon Corporation, Plaintiff,

v.

Michael TAYLOR, Defendant.

Civ. No. 89–6338–HO.

United States District Court,
D. Oregon.

Jan. 29, 1990.

William F. Marston, Jr., Peter H. Koehler, Jr., Jeanne M. Chamberlain, Tonkin, Torp, Galen, Marmaduke & Booth, Portland, Or., for plaintiff.

Robert C. Weaver, Jr., Peter J. Burger, Garvey, Schubert and Barer, Portland, Or., for defendant.

## OPINION

MARSH, District Judge.

This is an action for legal malpractice and for misrepresentation arising out of an opinion letter prepared by defendant Michael Taylor, Reservation Attorney for the Confederated Tribes of the Colville Reservation ("Colvilles" or "Colville Tribes"). At issue before me now is defendant's motion to dismiss for lack of jurisdiction and motion to dismiss or for summary judgment for failure to state a claim and for

failure to join indispensable parties. For the reasons set forth below, I grant defendant's motion to dismiss for lack of jurisdiction.

## FACTS

On July 23, 1984, plaintiff Stock West Corporation ("Stock West") entered into two contracts, the Construction Management Agreement ("CMA") and the Management Marketing Agreement ("MMA"), with two Colville tribal governmental corporations, the Colville Tribal Enterprise Corporation ("CTEC") and the Colville Indian Precision Pine Company ("CIPP"). Through these contracts, plaintiff agreed to design and supervise construction of a sawmill on the Reservation and to manage the mill's operations and market its products. Both CTEC and CIPP were created by the Colville Tribes under Colville tribal law for the purpose of entering into the contracts with plaintiff.

Under 25 U.S.C. § 81, approval by the Bureau of Indian Affairs ("BIA") is required for tribal agreements which require the payment of money in consideration of services relative to tribal land. While defendant stated throughout (including in a letter sent to the president of Stock West)[1] that he believed that the contracts required BIA approval because CTEC and CIPP were part of the Colville Tribes under Colville tribal law, the BIA determined in 1984 that the agreements did not require BIA review under § 81 because CIPP and CTEC were distinct legal entities separate and apart from the Tribes. Subsequently, in 1988, the Colville Tribal Court ruled that § 81 applied to the contracts and that the contracts were void because BIA approval had not been obtained. *Confederated Tribes of the Colville Reservation v. Stock West, Inc.,* 15 Indian L.Rep. 6019 (Colville Tribal Ct.1988).

On April 7, 1987, plaintiff filed suit against the Colville Business Council, CTEC, and CIPP in the United States District Court for the Eastern District of Washington. Stock West sought an order compelling the tribal entities to arbitrate the dispute over termination of the contracts and enjoining them from pursuing the tribal court litigation. The district court granted defendants' motion to dismiss. The court held that the action arose on the Reservation and involved tribal matters so that principles of comity required the court to abstain from exercising jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* No. C–87–242–RJM (E.D.Wash. Aug. 4, 1987), 14 Indian L.Rep. 3097, *aff'd,* 873 F.2d 1221 (9th Cir.1989).

Contemporaneous with the tribal court litigation and the federal court litigation in the Eastern District of Washington, plaintiff requested retroactive approval of the contracts by the BIA. Retroactive approval was requested on June 16, 1987 and denied on July 21, 1987. Plaintiff did not appeal this decision. Plaintiff again requested retroactive approval on December 9, 1988 which was denied. Plaintiff appealed the latter decision to the Interior Board of Indian Appeals which denied the appeal on the ground that plaintiff had failed to file a timely notice of appeal after the original refusal to approve the contracts and again after the first refusal to grant retroactive approval. *Stock West, Inc. v. Portland Area Director, BIA,* No. IBIA 89–26–A, 18 IBIA 7 (Oct. 5, 1989).

Unsuccessful in its attempt to hold the Colville tribal entities directly liable under the CMA and MMA agreements and having failed to obtain retroactive BIA approval for these contracts, plaintiff filed the present action on September 8, 1989 against the Colville Reservation Attorney. In this action, plaintiff seeks damages for malpractice and misrepresentation arising out of an opinion letter prepared by defendant on the Colville Reservation and in his

---

**1.** In a letter to BIA dated October 10, 1984, defendant wrote that CTEC and CIPP are part of the Colville Tribal entity, that this is the intended design of the corporations, and that as a result, "under 25 U.S.C. § 81, I [defendant] believe that the Bureau would be justified in re- viewing the contracts for approval because when any entity is dealing with CTEC or CIPP, that entity is dealing with the Tribes." This letter was copied to the President of Stock West. As discussed above, the BIA did not adopt defendant's view.

capacity as Reservation Attorney for the Colville Tribes. This opinion letter, dated July 10, 1985, was prepared for and delivered to United Savings Bank, Mutual, an Oregon banking corporation, for the purpose of obtaining a loan from the bank on behalf of the Colville tribal governmental corporations in order to finance the sawmill venture. In this letter, defendant states that

> [n]o consent, approval or authorization of or registration, declaration or filing with any governmental or public body or authority is required to construct the Project or operate the Mill, or if required, such consent, approval, order or authorization has been obtained.

This statement is conditioned on defendant's acknowledged review of the "BIA Portland Assistant Area Director Determination that BIA Approval of Construction Agreement and Management Agreement and Management and Marketing Agreement not legally required dated December 7, 1984."

Plaintiff contends that this statement in the July 10, 1985 opinion letter was a misrepresentation both because it was determined six months subsequent to the issuance of the opinion letter that BIA approval was required and because defendant consistently felt that BIA approval was required. Plaintiff further contends that defendant committed legal malpractice in making this statement to the bank. While the letter was not directed to plaintiff, plaintiff contends that the statement is actionable by Stock West because Stock West was an intended beneficiary of the letter.

## DISCUSSION

Defendant moves to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) on the following grounds. First, defendant claims that the court lacks jurisdiction because there is not complete diversity between the parties, the sole basis for jurisdiction in this action. Second, defendant claims that the court lacks personal jurisdiction over him because he does not have sufficient contacts with the State of Oregon to support either general or limited jurisdiction. Third, defendant argues that principles of comity require the court to decline to exercise jurisdiction over these claims because the claims presented arose on the Reservation and tribal courts have civil jurisdiction over disputes arising on reservations.

Defendant moves to dismiss under Fed. R.Civ.P. 12(b), (c), or in the alternative for summary judgment, on the ground that plaintiff has failed to state a claim either for malpractice or for misrepresentation. Defendant argues that plaintiff has not stated a claim for legal malpractice because the opinion letter was prepared on behalf of CTEC and CIPP and delivered to the bank and thus plaintiff is not in attorney-client privity with defendant. In the alternative, defendant moves for summary judgment on the ground that plaintiff's interpretation of defendant's opinion letter was unreasonable and that the case law interpreting 25 U.S.C. § 81 was unsettled at the time defendant prepared his opinion letter. Defendant argues that plaintiff has not stated a claim for misrepresentation because plaintiff cannot prove the required elements of misrepresentation including falsity, reliance, justifiable reliance, and causation.

Finally, defendant contends that the malpractice and misrepresentation claims must be dismissed under Fed.R.Civ.P. 19 because plaintiff cannot join indispensable parties to this litigation. Defendant argues that he is improperly named as a party to this action because as the chief legal official of the Colville Tribes, he enjoys official immunity from suit under the Colville Tribal Code. Defendant also argues that plaintiff seeks to obtain indirect relief against the Colville Tribes (resolution of the tribal court litigation in favor of plaintiff) and as such, this action is barred by the Tribes' sovereign immunity. Defendant likewise argues that CTEC and CIPP as parties to the loan agreement, are indispensable parties who cannot be joined based on their immunity from suit under tribal law.

 Tribal courts presumptively have civil jurisdiction over disputes directly implicating tribal affairs or arising on tribal

reservations. *Iowa Mutual Insurance Co. v. LaPlante*, 480 U.S. 9, 18, 107 S.Ct. 971, 978, 94 L.Ed.2d 10 (1987); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1228 (9th Cir. 1989). Civil jurisdiction over disputes arising on the Colville Reservation is specifically vested in the Colville Tribal Court under tribal law.[2] Where, as here, the tribal court maintains civil jurisdiction, "[a] federal court may not exercise diversity jurisdiction over a civil dispute relating to reservation affairs before an appropriate Indian tribal court system has first had an opportunity to determine its own jurisdiction." *Wellman v. Chevron, U.S.A., Inc.*, 815 F.2d 577, 578 (9th Cir.1987). Thus, the issue presented is whether the Colville Tribal Court may have jurisdiction over plaintiff's claims.

■ As plaintiff acknowledges, plaintiff's complaint alleges claims based on the actions of a Reservation Attorney in the course of representing tribal entities who were seeking a loan to finance construction of a tribal sawmill on tribal land to process tribal timber resources. Under similar facts, the *Stock West v. Confederated Tribes* court dismissed plaintiff's action against the Colville Tribe on the ground that principles of comity required the court to abstain in favor of tribal court jurisdiction. In doing so, the court emphasized that

> [t]his action involves professional services rendered both on and off tribal lands, in processing and disposing of tribal resources. It is difficult to conceive of subject matter more directly related to the heart of tribal concerns over use and commercial realization of its economic base.

Slip op. at 1. The Ninth Circuit affirmed on the ground that plaintiff had not exhausted its tribal court remedies and went on to find that the Colville tribal court in fact had jurisdiction over the claims. The court emphasized that the dispute arose on

**2.** Tribal Code § 1.3.01 provides that "[t]he jurisdiction of the Tribal Court and the effective area of this Code shall include all territory within the Reservation boundaries, and the lands outside

the reservation and concerned tribal resources, that Colville tribal law explicitly provided for jurisdiction of the case, and that no treaty or statute limited tribal court jurisdiction over the dispute. 873 F.2d at 1228. The claims at issue in the Eastern District of Washington litigation included counterclaims against the Tribes for estoppel and misrepresentation based in part on defendant's opinion letter.

■ Like the *Stock West v. Confederated Tribes* court, I find that the subject matter of this action, an opinion letter drafted by the Colville Reservation Attorney on the Reservation and directed to a bank for the purpose of obtaining financing on behalf of tribal corporate entities, is "directly related to the heart of tribal concerns over use and commercial realization of its economic base." I reject plaintiff's contention that the tribal court lacks jurisdiction over the claims alleged because both parties are non-Indians and because the cause of action arose in Oregon outside the Indian Reservation. Plaintiff's claims are based on actions which took place on the Reservation involving the drafting of the opinion letter. As the Ninth Circuit stated in *Wellman v. Chevron*, 815 F.2d at 579, "[i]f the dispute arises in Indian territory, both [Indian and non-Indian plaintiffs] are limited to tribal court as the forum of first recourse." *See also Davis v. Littell*, 398 F.2d 83, 85 (9th Cir.1968), *cert. denied*, 393 U.S. 1018, 89 S.Ct. 621, 21 L.Ed.2d 562 (1969) (holding that the fact that the Navajo Tribe's general counsel was not an Indian "should certainly not deprive [the Tribe] of the advantages of the rule of privilege otherwise available to it"). Thus, contrary to plaintiff's assertion, the issue is not defendant's ethnic background but rather the capacity in which defendant drafted the opinion letter and the extent to which the subject matter of this letter relates to the "heart of tribal concerns." On this issue, I find that defendant drafted the opinion letter in his capacity as Reservation Attorney

the boundaries of the Reservation held in trust by the United States for Tribal members of the Tribes, and it shall be over all persons therein."

and that the subject matter of the letter involves tribal concerns. Accordingly, principles of comity require me to decline to exercise jurisdiction over the dispute until plaintiff has exhausted its tribal court remedies. *See Iowa Mutual Insurance Co. v. LaPlante,* 480 U.S. at 15, 107 S.Ct. at 976; *Stock West, Inc. v. Confederated Tribes,* 873 F.2d at 1228; *see also A & A Concrete, Inc. v. White Mountain Apache Tribe,* 781 F.2d 1411 (9th Cir.), *cert. denied,* 476 U.S. 1117, 106 S.Ct. 2008, 90 L.Ed.2d 659 (1986); *Wellman v. Chevron,* 815 F.2d 577.

 I also find that defendant is entitled to dismissal because he is immune from suit under Colville tribal law. Tribal Code § 1.1.06 provides that the Tribes' "officers and employees shall be immune from suit for any liability arising from the performance of their official duties." I find that defendant as senior attorney in the Office of the Reservation Attorney and chief legal official for the Colvilles is an officer of the Tribes entitled to official immunity under the tribal code. *See e.g. Davis v. Littell,* 398 F.2d at 84 (holding that the general counsel to the Navajo Tribe enjoyed absolute executive immunity). Further, the act at issue, the drafting of the opinion letter, was an act performed within the scope of defendant's official authority. *See Hardin v. White Mountain Apache Tribe,* 779 F.2d 476, 478–79 (9th Cir.1985) (dismissing plaintiff's damage claim against tribal officials in their individual capacities on the ground that the Tribe's sovereign immunity "extends to individual tribal officials acting in their representative capacities and within the scope of their authority"). Based on my findings of lack of jurisdiction and immunity from suit, I need not address the additional grounds for dismissal and/or for summary judgment raised by defendant.

## CONCLUSION

For the reasons set forth above, I grant defendant's motions to dismiss based on lack of jurisdiction (# 6) and defendant's immunity from suit (part of # 4). Defendant's motion to dismiss for failure to state a claim or in the alternative for summary judgment # 4 is denied as moot in all other respects. This action is dismissed.