# District Court of the Navajo Nation
### Judicial District of Chinle, Arizona

---

**The Navajo Nation, Plaintiff**
**v.**
**Fay Eileen Salandro, Defendant.**
**Decided January 22, 1992**

---

## ORDER

Judge Wayne Cadman Sr., presiding.

WHEREAS, this matter has come before the court upon a written motion for reconsideration of the court's dismissal of a traffic citation filed against the above named non-Indian defendant for a lack of jurisdiction on August 8, 1991; and asks the court to allow the Navajo Nation to assert civil jurisdiction over non-Indian defendants in civil traffic infractions; and upon further consideration of the oral arguments presented by the Navajo Nation on November 15, 1991; and whereupon the defendant has continued to fail to respond or otherwise appear before the court even after receiving appropriate notices, the court finds:

## FINDINGS OF FACT

On August 6, 1991, the above named non-Indian defendant was cited for a civil traffic offense of Speeding in violation of the Navajo Nation Motor Vehicle Code, 14 N.T.C. § 441 (a)(4), and that the offense occurred on U.S. Highway 191 at mile post 60 in Chinle, Arizona, which is located within the territorial jurisdiction of the Navajo Nation, and that the defendant is 48 years old and resides at the Junior High School apartment #C-8(a) in Chinle, Arizona. On August 8, 1991, the court on its own motion dismissed the civil traffic citation without prejudice for a lack of personal jurisdiction over the defendant who is non-Indian.

On September 4, 1991, the Navajo Nation filed a written motion for reconsideration of the Order dismissing the citation and a Motion for Extension of Time to Submit Briefs which was granted by the court. On October 15, 1991, the Navajo Nation submitted their written brief in support of their motion for reconsideration and the defendant failed to respond or otherwise enter her appearance before the court, and oral arguments for the motion was scheduled for November 15, 1991, at 9:00 A.M.

On November 15, 1991, only the Navajo Nation appeared and presented oral arguments in support of their motion for reconsideration and the defendant continued to fail to appear or otherwise enter her appearance before the court, and the court then took the matter under advisement.

## CONCLUSIONS OF LAW

The court had dismissed the citation upon the premise that there were Federal limitations on tribal jurisdiction over non-Indians pursuant to the 1968 Indian Civil Rights Act, 25 U.S.C.A. § 1302, *et seq.*, and in accordance with the United States Supreme Court's decision which has held that Indian Tribes do not possess criminal jurisdiction over non-Indians. *Oliphant v. Suquamish Indian Tribe,* 435 U.S. 191 (1978).

The United States Supreme Court has further attempted to limit tribal jurisdiction not only over non-Indians, but over nonmember Indians. The court decided on May 29, 1990 that Indian tribes do not possess criminal jurisdiction over nonmember Indians. *Duro v. Reina,* 495 U.S. 676 (1990). *Duro* has subsequently been overridden by the United States Congress through Public Law 102-137, which restored criminal jurisdiction of Indian tribes over nonmember Indians on October 28, 1991.

The jurisdictional issue raised by the plaintiff is one of first impression in the Navajo Nation courts and requests an interpretation of the 1988 Navajo Nation Motor Vehicle Code, 14 N.T.C. § 100, which specifically reads:

> The District Courts of the Navajo Nation shall have exclusive original jurisdiction over all civil traffic infractions under this Title, committed within their respective jurisdictions by any person eighteen (18) years of age or older....

This section of the Motor Vehicle Code distinguishes "civil" traffic offenses from "criminal" misdemeanor offenses. The Federal limitations on jurisdiction of Indian tribes over criminal misdemeanor offenses is not an issue in this matter, but rather the court must look to the Indian tribe's "civil" jurisdiction over non-Indians in civil traffic infraction cases..

In addressing jurisdictional issues, the Navajo Nation Supreme Court has held that, "A starting point in jurisdiction questions is the governmental interest of the jurisdictions involved." *Benally v. John,* 4 Nav. R. 39, 41 (1983). The (Navajo Nation) courts have inherent jurisdiction over all matters not specifically denied by the Navajo Tribal Council or taken over specifically by the government of the United States. This authority is a retained authority, not dependent upon a grant from the United States. Such authority will be exercised in concurrent jurisdiction with the United States when concurrent and not exclusive tribal jurisdiction lies. Navajo court authority comes from its sovereignty. *Benally v. John,* 4 Nav. R. at 42.

Our (Navajo) courts are courts of general jurisdiction with few jurisdictional limitations in comparison to federal district courts, which are courts of limited jurisdiction. *Benally v. John,* 4 Nav. R. at 43.

The court has found no law specifically denying jurisdiction over non-Indians enacted by the Navajo Tribal Council and that such jurisdiction (over non-Indians in civil traffic infractions) has not been taken over specifically by the United States government.

The State of Arizona presently exercises jurisdiction over non-Indians upon the roadways located upon the Navajo reservation and within the state boundaries of Arizona, and it has been the practice of both Navajo and Arizona state law enforcement officers to cite non-Indian defendants into the Justice of the Peace Court for the State of Arizona for traffic infractions. It appears that the language of the Navajo Nation Motor Vehicle Code, (14 N.T.C. § 100) has already determined the Navajo Nation's civil jurisdiction over non-Indians in the first instance and that such civil jurisdiction asserted by the Navajo Nation by statute is "exclusive" which would preempt the asserted jurisdiction over non-Indians on the Navajo reservation by the State of Arizona. However, the State of Arizona does retain concurrent jurisdiction as a separate sovereign.

As a general matter, tribal self-government is not impeded when a state allows an Indian to seek relief against a non-Indian concerning a claim arising in Indian country. The exercise of state jurisdiction is particularly compatible with tribal autonomy. *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Engineering I*, 467 U.S. 138 (1984).

It does not violate the Fifth Amendment provision against double jeopardy for the tribe and the federal government to prosecute a defendant for the same offense; both independent sovereigns are entitled to indicate their identical public policies. Indian tribes have long been recognized as sovereign entities, "possessing attributes of sovereignty over their members and their territory." *United States v. Wheeler*, 435 U.S. 313 (1978).

In this instance, both the United States and the State of Arizona are foreign and separate sovereigns from the Navajo Nation.

The revised Navajo Tribal Code "decriminalized" certain traffic offenses through 14 N.T.C. § 100 in 1988 and made them civil traffic infractions. The penalties for such infractions were limited to an assessment of civil infraction fees only in order to assert civil jurisdiction over any person eighteen (18) years or older. This process of decriminalizing certain offenses has been tested in *National Farmer's Union Insurance Cos. v. Crow Tribe*, 471 U.S. 845 (1985), where the United States Supreme Court did not resolve the question but deferred to the tribal court so that it could determine its own jurisdiction in the first instance. In *Oliphant v. Suquamish Indian Tribe, id.*, the United States Supreme Court has held that Indian tribes do not possess criminal jurisdiction over non-Indians, but did not address the question of the Indian tribe's civil jurisdiction over non-Indians.

In *Iowa Mutual Insurance Co. v. LaPlante*, 107 S.Ct. 971 (1987), the United States Supreme Court similarly stayed its diversity jurisdiction to permit a tribal court to determine its own jurisdiction over parallel litigation, and has said:

> Tribal authority over the activities of non-Indians on reservation lands is an important part of tribal sovereignty.
>
> Civil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by a specific treaty provision or federal statute.

*Id.* at 978.

A federal circuit court has even applied the *LaPlante* case when there were no proceedings pending in a tribal court, and has required an Indian plaintiff to exhaust tribal court remedies before bringing a divesity action against a non-Indian in federal court. *Wellman v. Chevron, U.S.A., Inc.*, 815 F.2d 577 (9th Cir. 1987).

In addition to the authority of the provisions of the Navajo Nation Motor Vehicle Code, 14 N.T.C. § 100, the assertion of civil jurisdiction over non-Indians by the Navajo Nation is also asserted in 7 N.T.C. § (2) which states:

The District Courts of the Navajo Nation shall have original jurisdiction over:

(2) Civil Causes of Action. All civil actions in which the defendant is a resident of Navajo Indian country, or has caused an action to occur within the territorial jurisdiction of the Navajo Nation.

It is therefore apparent that the Navajo Nation in this case as an Indian plaintiff must exhaust their tribal remedies against a non-Indian pursuant to the *Chevron* case, and that the Navajo Nation has already determined its jurisdiction over non-Indians in relation to civil traffic infractions in the first instance by enacting the Navajo Nation Motor Vehicle (14 N.T.C. § 100) and that such jurisdiction is statutorily "exclusive" and "original."

The governmental interest of the jurisdictions involved that the Navajo Nation Supreme Court in *Benally v. John*, 4 Nav. R. at 41, eluded to, would include both the Navajo Nation and the State of Arizona and the jurisdictional requirements for the Navajo Nation to assert civil jurisdiction over non-Indians in civil traffic infractions would be:

(1) That the person alleged to have committed the civil traffic infraction must be eighteen (18) years of age or older, and

(2) That the alleged civil infraction must have been committed within their respective jurisdiction which could also be interpreted as causing an action to occur within the territorial jurisdiction of the Navajo Nation.

The Navajo Nation in their supporting brief contend that pursuant to *Montana v. United States*, 450 U.S. 544 (1981), the court must make four (4) initial inquiries in determining whether a tribal court can assert civil "regulatory" jurisdiction over non-Indians and that these inquiries should also be applied to each civil traffic infraction case which would include determining if:

(1) The non-Indian has entered into any consensual relation with the (Navajo) tribe or its members?

(2) The actions complained of affect a legitimate health and welfare interest of the (Navajo) tribe?

(3) The (Navajo) tribe has a legitimate interest in the economic aspects of the action filed in this case?

(4) The non-Indian's activity threatens or has some direct effect on the political integrity of the (Navajo) tribe?

However, any added requirements of proof for the assertion of civil jurisdiction over non-Indians by the Navajo Nation, such as the *Montana* test, in addition to the statutory provisions of 14 N.T.C. § 100, and 7 N.T.C. § 253 (2), would appear to hamper the Navajo Nation and prolong hearings in establishing the Navajo Nation's jurisdiction over non-Indians and such further requirements will result in fundamentally unnecessary factual litigation.

Similarly, the Navajo Nation Family Courts, Navajo Small Claims Courts, and Navajo Peacemaker Courts do not require the Navajo Nation to meet the *Montana* tests before allowing them to assert civil adjudicatory jurisdiction over non-Indians.

It is the holding of this court that the Navajo Nation can assert its civil jurisdiction over non-Indian defendants in civil traffic infractions when the requirements of 14 N.T.C. § 100 are satisfied, and that the *Montana* tests would not apply and are not required in determining the Navajo Nation's civil "adjudicatory" jurisdiction over non-Indians in relation to civil traffic infractions. However the *Montana* tests would continue to apply where the Navajo Nation asserts civil "regulatory" jurisdiction over non-Indians.

## ORDER

IT IS THEREFORE ORDERED that the court's dismissal of the civil traffic infraction in the above matter is hereby reconsidered and the August 6, 1991 Order of Dismissal is hereby rescinded and the matter reinstated.

IT IS FURTHER ORDERED that this matter shall be set for a hearing within thirty (30) days from the date of this order.