United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
Nos. 95-2812

| | | |
|---|---|---|
| Edward M. Krempel, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| The Prairie Island Indian Community, | * | Appeal from the United States |
| also known as Prairie Island Sioux | * | District Court for the |
| Community, also known as Prairie | * | District of Minnesota. |
| Island Community, also known as | * | |
| Prairie Island Indian Community | * | |
| Reservation, doing business as Treasure | * | |
| Island Casino and Bingo; Anne Burr, | * | |
| also known as Anne White, also known | * | |
| as Anne Red Elk, | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: May 16, 1997
Filed: September 10, 1997

_____

Before McMILLIAN, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

LAY, Circuit Judge.

Edward Krempel brought this action in state court against the Prairie Island Indian Community, his former employer, and Anne Burr, his former supervisor. His complaint alleges sexual harassment, gender and sexual orientation discrimination, defamation, and promissory estoppel, arising out of his employment at the Community's Treasure Island Casino.

The Community removed the action to federal district court on the stated grounds that federal jurisdiction was vested pursuant to 28 U.S.C. §1332(a)(2). It then filed a 12(b)(6) motion to dismiss on the ground that Krempel had not exhausted his tribal court remedies. The district court granted the motion. We remand and reverse.

It is now settled that principles of comity require that tribal-court remedies <u>must</u> be exhausted before a federal district court should consider relief in a civil case regarding tribal-related activities on reservation land. <u>Iowa Mutual Ins. Co. v. LaPlante</u>, 480 U.S. 9 (1987); <u>National Farmers Union Ins. Cos. v. Crow Tribe</u>, 471 U.S. 845 (1985); <u>see also</u> <u>Bruce H. Lien Co. v. Three Affiliated Tribes</u>, 93 F.3d 1412, 1419-21 (8th Cir. 1996). It is on this basis that the district court determined that Krempel should be required to exhaust his remedies in the tribal court.

However, the Supreme Court has recognized that mandatory deference to the tribal courts does not mean the deference is absolute. For example, in <u>National Farmers Union</u>, the Court stated that exhaustion would not be required where it would be "futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction." 471 U.S. at 856 n.21.[1] In the present case, at the time that

---

[1]Futility is also an exception to other exhaustion doctrines. <u>See e.g.</u>, <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981) (per curiam) (explaining that state prisoners must "exhaust available state remedies" before a federal court can grant a writ of habeas corpus, but an exception is made "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.").

Krempel brought his suit against the Community and Burr, it is undisputed that no tribal court existed. As the district court recognized, the Community's Tribal Council did not contract to provide judges for the tribal court until 36 days after service of Krempel's complaint and 15 days after its removal. The tribal court did not become fully operational until more than two months after removal. In fact, Krempel challenges whether the tribal court has <u>ever</u> become operational. Case law supports the notion that if there is no functioning tribal court, exhaustion would be futile and therefore would not be required. <u>See</u> <u>Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes</u>, 623 F.2d 682, 685 (10th Cir. 1980); <u>Nenana Fuel Co. v. Native Village of Venetie</u>, 834 P.2d 1229, 1233-34 (Alaska 1992). The district court recognized these authorities and yet held that exhaustion of tribal remedies was required:

> The Community has taken the first steps in the development of its tribal court system by adopting a judicial code, approving a tribal court, and providing judges to staff the court. In addition, the tribal court has declared itself to be fully operational. All of these factors weigh in favor of the Court staying its hand in this matter pending tribal court exhaustion.

<u>Krempel v. Prairie Island Indian Community</u>, 888 F. Supp. 106, 108 ( D. Minn. 1995).

The court discounted Krempel's arguments regarding judicial economy and stated that our nation's policies regarding tribal sovereignty and the development of tribal courts "tip the scales" in favor of exhaustion. The court stated, "While the last bricks were not laid, the foundation was firm, and the final structure stands today." <u>Id.</u> at 109. On this basis, the district court dismissed the case without prejudice.

We must respectfully disagree. The Supreme Court has required exhaustion of "<u>available</u> tribal remedies <u>before instituting</u> suit." <u>Iowa Mutual</u>, 480 U.S. at 19 (our emphasis). Notwithstanding recognition of tribal sovereignty and the resultant need to exhaust cases in tribal court, we deem it inherently unfair to a plaintiff to require

exhaustion in a court that was not operational until after the claim was filed. In general, the application of the exhaustion doctrine depends on the purposes of exhaustion being served. Cf. Anderson v. Sullivan, 959 F.2d 690, 693 (8th Cir. 1992) ("An exception to the exhaustion . . . requirement lies in situations where the claimant . . . shows that the purposes of exhaustion would not be served by requiring further administrative procedures."); see also Rodabaugh v. Sullivan, 943 F.2d 855 (8th Cir. 1991); Oglesby v. U.S. Dept. of Army, 920 F.2d 57 (D.C. Cir. 1990). One of the main purposes of the exhaustion requirement, repeated in several administrative law cases, is the principle of judicial economy. ("The exhaustion requirement stresses both respect for agency prerogatives and principals of judicial economy by seeking to prevent 'premature interruption of the administrative process.'" (emphasis added) New York State Ophthalmological Soc. v. Bowen, 854 F.2d 1379, 1387 (D.C. Cir. 1988), cert. denied, 490 U.S. 1098 (1989), quoting McKart v. United States, 395 U.S. 185, 193 (1968). Additionally, the Supreme Court has utilized reasoning similar to that of National Farmers Union in other administrative law cases by stating that "[a]dministrative remedies that are inadequate need not be exhausted." Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp., 489 U.S. 561, 587 (1989). See also Honig v. Doe, 484 U.S. 305, 326-27 (1988). Applying the exhaustion doctrine under the reasoning of the district court ("The foundation was firm") might induce sufficient uncertainty to cause a lay person to delay filing suit until a statute of limitation runs or a witness becomes unavailable. The law should provide sufficient certainty for litigants to effect rational decisions. As much as tribal exhaustion might have been desirable in the initial stages of this suit, to require a plaintiff to turn back the clock and exhaust previously unavailable remedies is contrary to judicial efficiency and prejudicial to an individual who brings suit in a forum available for immediate resolution of his claim.

The Supreme Court also has recognized that the doctrine of exhaustion of tribal remedies is analogous to dismissals under the doctrine of abstention. Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 16 n.8 (1987). Under abstention analysis, a district court

-4-

must determine whether "the opportunity to raise and have timely decided" before a state tribunal was available to the plaintiff when he brought his federal suit. <u>Gibson v. Berryhill</u>, 411 U.S. 564, 575 (1973). As <u>Gibson</u> points up, if the state tribunal is deemed inadequate, abstention is not necessary. Thus, if there is delay by the agency, or the agency lacks power to grant effective relief, or is biased, then abstention is not necessary. <u>Id.</u> at 575 n.14. Obviously, to urge that a plaintiff must exhaust his tribal remedies at a time when a tribal court does not exist would, indeed, inject a futile requirement. Although the district court did not require this, its post facto reasoning would have a similar effect. Under the circumstances, we hold as a matter of law that Krempel, who had filed a timely claim in an existing forum, was not required to exhaust tribal remedies at a later time when the tribal court came into existence.

Judgment vacated and remanded for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.