157 F.3d 1185
 74 Empl. Prac. Dec. P 45,594, 98 Cal. Daily
Op. Serv. 7626,
98 Daily Journal D.A.R. 10,579
Rosemarie Southcott PINK, Plaintiff-Appellant,
v.
MODOC INDIAN HEALTH PROJECT, INC.; Indian Health Services;
Erin Forrest, as an individual, Defendants-Appellees.
 No. 96-15923.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 20, 1998.*
Decided Oct. 6, 1998.
 
 Rosemarie Southcott Pink, Pro per, Denver, Colorado, for plaintiff-appellant.
 Debora G. Luther, Assistant United States Attorney, Sacramento, California; Robert J. Logan, San Jose, California, for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California; Garland E. Burrell, District Judge, Presiding. D.C. No. CV-94-01734-GEB.
 Before CHOY, SNEED, and WIGGINS, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 Rosemarie Pink ("Pink") appeals the district court's judgment dismissing her Complaint for lack of subject matter jurisdiction. Pink brought suit against the Modoc Indian Health Project, Inc. ("Modoc") (her former employer), Erin Forrest ("Forrest") (her former supervisor), and Indian Health Services ("IHS") (a federal agency), seeking damages for sexual harassment, gender, race, and national origin discrimination, and wrongful termination. We review de novo the district court's dismissal for lack of subject matter jurisdiction, see Mobil Oil Corp. v. City of Long Beach, 772 F.2d 534, 538 (9th Cir.1985), and affirm.
 
 I.
 FACTS
 
 2
 Modoc is a nonprofit corporation created and controlled by the Alturas and Cedarville Rancherias, both federally recognized tribes. Modoc was "organized for charitable, educational, and scientific purposes and such other related purposes ... relative to the delivery of certain services pursuant to [the Indian Self-Determination Act]." IHS, an agency of the United States Department of Health and Human Services, awarded Modoc an Indian self-determination contract to provide health services to tribe members. See 25 U.S.C. § 1661.
 
 
 3
 Pink, a Native American, was hired by Modoc in November 1983 as the coordinator of the Indian Child Welfare Act Program. Pink alleged that from July 1991 until her termination in October 1993, her former supervisor Forrest subjected her to sexual harassment, sexual assault and a hostile workplace environment. Pink brought suit under federal and state law in tort, for employment discrimination and breach of contract.[1]
 
 
 4
 The district court dismissed Pink's Complaint on several grounds. First, the court concluded that it lacked subject matter jurisdiction to hear Pink's suit under 28 U.S.C. § 1346 against IHS, a federal agency. Second, the court refused to allow Pink to substitute the United States as a defendant because Congress did not waive sovereign immunity to include the class of claims raised by Pink. Third, the court concluded that Modoc is a "tribe" for purposes of Title VII of the Civil Rights Act of 1964, and as such, is exempt from liability under Title VII. Fourth, the court held that Modoc did not lose its immunity merely because the Indian Self-Determination and Education Assistance Act ("ISDEAA") contract was performed outside of reservation premises. Fifth, the court refused to impose Title VII liability against Forrest because a Title VII claim cannot be brought against an individual employee supervisor. Pink timely appealed pro se the district court's dismissal for lack of subject matter jurisdiction.[2]
 
 II.
 DISCUSSION
 A. Indian Health Services
 
 5
 Pink contends that the district court erred by dismissing her claims against Indian Health Services ("IHS"). This contention lacks merit. Federal agencies "cannot be sued eo nomine unless so authorized by Congress in explicit language." Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir.1977) (per curiam). Congress did not expressly authorize suits against federal agencies under the Federal Tort Claims Act. See Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir.1984). The district court therefore properly dismissed Pink's claims against IHS.
 
 
 6
 B. Amendment to Substitute the United States
 
 
 7
 Pink's proposed amendment to substitute the United States would have been futile because Congress did not waive sovereign immunity. See 28 U.S.C. § 2680(h). Further, Pink conceded that she had no claim against the United States independent of her claims against Modoc and Forrest. Accordingly, the district court properly rejected Pink's amendment. See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.1989).
 
 C. Title VII
 
 8
 Pink also argues that the district court erred by dismissing her claims against Modoc under Title VII because Modoc is not a "tribe" as defined by the Act. We disagree.
 
 
 9
 Title VII prohibits employers from engaging in discriminatory practices. Congress, however, exempted "Indian tribe[s]" from the scope of the definition of "employer" as used in Title VII. See 42 U.S.C. § 2000e(b).
 
 
 10
 Although the Ninth Circuit has not specifically addressed whether a nonprofit organization incorporated by two Indian tribes is a "tribe" for purposes of Title VII exemption, the Tenth Circuit has addressed a similar question. In Dille v. Council of Energy Resource Tribes, 801 F.2d 373 (10th Cir.1986), the court held that a council comprised of thirty-nine Indian tribes that had joined together to collectively manage energy resources was a "tribe" within the scope of Title VII's Indian tribe exemption. The Dille Court held that Congress intended to exempt individual Indian tribes as well as collective efforts by Indian tribes. The court reasoned that the purpose of the tribal exemption, like the purpose of sovereign immunity itself, was to promote the ability of Indian tribes to control their own enterprises. See Dille, 801 F.2d at 375-76; see also Wardle v. Ute Indian Tribe, 623 F.2d 670, 672 (10th Cir.1980) ("Indian tribes and businesses operating on or near Indian reservations are excluded from the employment prohibitions of Title VII.").
 
 
 11
 Here, Modoc served as an arm of the sovereign tribes, acting as more than a mere business. Modoc's board of directors consisted of two representatives from each Rancheria tribal government. Like the collection of tribes in Dille, Modoc was organized to control a collective enterprise and therefore falls within the scope of the Indian Tribe exemption of Title VII. See 42 U.S.C. § 2000e(b); see also Dille, 801 F.2d at 375-76. The district court properly concluded that Pink could not bring suit against Modoc under Title VII.
 
 D. ISDEAA
 
 12
 Pink also contends that the district court erred by holding that the ISDEAA did not confer it subject matter jurisdiction. Pink is incorrect.
 
 
 13
 Congress sought to achieve essentially the same goal when it enacted the ISDEAA as when it excluded "tribes" from the operation of Title VII. Both the ISDEAA and the Title VII "tribe" exemption attempt to aid tribal entities in their efforts to conduct their own affairs and economic activities with as much autonomy as possible. See Dille, 801 F.2d at 374. Accordingly, the ISDEAA states, "[n]othing in this Act shall be construed as affecting, modifying, diminishing, or otherwise impairing the sovereign immunity from suit enjoyed by an Indian tribe." 25 U.S.C. § 450n(1). Because the ISDEAA does not effect tribal sovereign immunity, the district court was correct in holding that the ISDEAA could not confer subject matter jurisdiction.
 
 
 14
 Pink additionally contends that Modoc waived its immunity because the alleged misconduct occurred outside of the reservation land. We disagree. Congress did not limit the scope of tribal immunity, as such, the tribes retain the extraterritorial component of sovereign immunity. See Richardson v. Mt. Adams Furniture (In re Greene), 980 F.2d 590, 596 (9th Cir.1992); see also 25 U.S.C. § 450n (stating that nothing in the ISDEAA shall be construed as waiving a tribe's sovereign immunity). Thus, Modoc did not lose its exemption simply because it performed the self-determination contract for health services off the reservation. See In re Greene, 980 F.2d at 596.
 
 E. Individual Liability
 
 15
 Pink contends that the district court erred by dismissing her employment discrimination claims against Forrest because Title VII imposes individual liability. We disagree.
 
 
 16
 Assuming arguendo that Modoc's immunity did not extend to Forrest, civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993). The district court therefore properly dismissed Pink's employment discrimination claims against Forrest, a Modoc employee.
 
 F. Indian Civil Rights Act
 
 17
 Pink additionally contends that the district court's dismissal violates her right to due process under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1301. Pink is incorrect. ICRA only provides a basis for an individual to bring a habeas corpus civil claim. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); R.J. Williams Co. v. Fort Belknap Housing Auth., 719 F.2d 979, 981 (9th Cir.1983). This court therefore rejects Pink's contention, raised for the first time on appeal, that her due process rights under ICRA were violated. Cf. Barker v. Menominee Nation Casino, 897 F.Supp. 389, 394-95 (E.D.Wis.1995) (holding that former employee of Indian casino could not sue for any alleged breach of due process rights under ICRA).[3]
 
 G. Leave to Amend
 
 18
 Pink contends that the district court erred by denying her leave to amend her complaint. This contention lacks merit.
 
 
 19
 This court reviews a denial of leave to amend for abuse of discretion. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-86 (9th Cir.1987). A district court properly denies a party's request for leave to amend if such leave would be futile. See id. at 186. Here, the district court denied Pink's request for leave to amend because the alleged facts, even if true, provided no basis for subject matter jurisdiction. The district court did not abuse its discretion by denying leave to amend on that basis. See id.
 
 
 20
 In sum, we find that the district court did not err in its dismissal of Pink's claims for lack of subject matter jurisdiction.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Specifically, Pink alleged eleven causes of action in her second amended complaint: (1) breach of contract (v.IHS, Modoc); (2) bad faith (v.IHS, Modoc); (3) intentional misrepresentation (v.IHS, Modoc, Forrest); (4) negligent misrepresentation (v.IHS, Modoc, Forrest); (5) intentional interference with business relations (v.Forrest); (6) negligence (v.IHS, Modoc, Forrest); (7) race and national origin discrimination under Title VII and FEHA (v.IHS, Modoc, Forrest); (8) sexual harassment and hostile work environment under FEHA only (v.IHS, Modoc, Forrest); (9) retaliatory discharge in violation of public policy under the California constitution and "U.S. Const. (Title VII)" (v.IHS, Modoc, Forrest); (10) intentional infliction of emotional distress (v.IHS, Modoc, Forrest); and (11) assault and battery (v.IHS, Modoc, Forrest). At the hearing, Pink withdrew her seventh cause of action under Title VII against IHS
 
 
 [2]
 Pink was represented by counsel in the district court
 
 
 [3]
 Only the tribal judiciary and legislature would be subject to liability in federal court under ICRA. See Barker, 897 F.Supp. at 395. Because Pink did not allege that she first challenged her termination in tribal court, no violation of Pink's civil rights under ICRA has occurred. See id