Bruce JOHNSON, Plaintiff–Appellant,

v.

GILA RIVER INDIAN COMMUNITY; Lone Butte Industrial Development Corporation, a corporation chartered by the Gila River Indian Community, Defendants–Appellees.

No. 97–17213.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1999.

Decided April 22, 1999.

---

Richard J. Sundberg, Bloomington, Minnesota, for the plaintiff-appellant.

Douglas A. Jorden, and Ellen M. Van Riper, Phoenix, Arizona, for defendant-appellee Lone Butte Industrial Development Corporation.

Rodney B. Lewis, Sacaton, Arizona, for defendant-appellee Gila River Indian Community.

Before: BROWNING, WOOD, JR.,[1] and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

This appeal involves the question of whether a litigant must exhaust his appellate remedies in tribal court when the tribal appellate court has not responded to initial appellate pleadings for an extended period of time. Because the record creates sufficient doubt as to whether the futility exception to the exhaustion doctrine applies, we reverse the district court's grant of summary judgment and remand for further proceedings.

---

**1.** The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

## I

The Gila River Indian Community ("the Tribe") is a federally recognized Indian tribe with its reservation located in Arizona. In 1966, the Tribe leased real property located on its reservation to Lone Butte Industrial Development Corporation ("Lone Butte"), a corporation chartered by the Tribe. In 1979, Lone Butte entered into a sublease of the property with Genstar Corporation, which built a rubber processing plant on the property. In 1987, the Tonson Corporation purchased Genstar's business with funds loaned by Tonson shareholder Bruce Johnson. As part of the transaction, Johnson acquired a security interest in rubber processing equipment located on the property. Subsequently, Johnson foreclosed his security interest, took possession of the secured property, and Tonson ceased operation. Another corporation, International Rubber, then assumed the Genstar lease, but failed to pay rent to Lone Butte. In 1991, Lone Butte terminated the Genstar lease.

Later that year, International Rubber entered into a new sublease with Lone Butte for the use of the property and leased the rubber processing equipment from Johnson. After International Rubber failed to fulfill its obligations under the new lease, Lone Butte terminated the new lease and secured the premises. Lone Butte notified Johnson that it claimed a landlord's lien on the equipment for unpaid rents and damages. Thereafter, Johnson attempted to remove the rubber processing equipment and the building but was denied access to the property.

In December 1993, Lone Butte filed a claim in the Gila River Indian Community Tribal Court, contesting the ownership of the building and the rubber processing equipment located on the property. Lone Butte sued International Rubber and Bruce Johnson, as it believed that both defendants might have ownership interests in the building and the equipment. Lone Butte also sued International Rubber for its alleged failure to remove rubber tires from the property.

After receiving notice by mail, Johnson specially appeared in the tribal court to challenge the tribal court's jurisdiction over him and his property and to request transfer to federal district court. He also filed an answer and a counterclaim, alleging he was the rightful owner of the building and the rubber processing equipment. The tribal court permitted Lone Butte to amend its complaint and file an in personam claim against Johnson for trespass and environmental nuisance. Johnson challenged the tribal court's personal jurisdiction over him.

In January 1995, a trial commenced in the tribal court. In September 1995, the court announced its decision, issued findings of fact, and held that Johnson was liable to Lone Butte for $660,000—$500,000 of which was punitive damages.

Johnson attempted to file an appeal in tribal court. He filed a notice of appeal in October 1995, requested the rules of the appellate court, and requested the address of the clerk of the appellate court. He received some of this information in November 1995. Johnson then filed an appellate memorandum. In December, Johnson wrote a letter to the clerk requesting more information, for example, when the appellate brief was due, if there were additional rules other than those with which he had been provided, and when and how he would receive a transcript of the trial. At the same time, he sent the clerk a copy of the transcript of the tribal court proceedings that he had prepared at his own expense as well as copies of his trial and post-trial briefs.

In January 1996, Lone Butte filed response briefs, additional memorandum, and two motions in tribal court. The parties heard nothing from the appellate court for more than a year. In March 1996, Lone Butte filed a request for a ruling on the pending motions, but the clerk never responded to this request.

On March 11, 1996, Johnson filed a complaint in the United States District Court for District of Arizona, claiming that the

tribal court lacked personal jurisdiction over him, that his property had been taken without just compensation, that Lone Butte was liable for conversion, and asking the court to issue an injunction to prevent Lone Butte from enforcing the tribal court judgment. The district court, in May 1996, dismissed his complaint for failure to exhaust tribal remedies. In October 1996, Lone Butte requested that the tribal appellate court render a decision in the pending appeal.

In November 1996, Johnson filed a second complaint in the same district court, this time alleging, in relevant part, that the tribal court had violated the Indian Civil Rights Act and that Lone Butte had wrongfully converted his property. Johnson also asked the district court to issue a declaratory judgment and an injunction prohibiting Lone Butte from enforcing the tribal court judgment because he claimed that the tribal court had lacked personal jurisdiction over him and his property. He alleged that the district court had jurisdiction over the Tribe under 28 U.S.C. § 1331, and over Lone Butte under 28 U.S.C. § 1332. In October 1997, the district court again dismissed Johnson's action.

## II

■ As sovereign nations, Indian tribes possess common law immunity from suit in federal court. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Accordingly, the district court correctly dismissed Johnson's claims against the Tribe pursuant to the Indian Civil Rights Act

("ICRA"), 25 U.S.C. §§ 1302(5) and 1302(8). The only recognized exception to a sovereign immunity defense under the ICRA is a habeas corpus action. *See Santa Clara*, 436 U.S. at 59; *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir.1998). Because Johnson does not seek such relief, and the Tribe has not waived its sovereign immunity defense, the district court properly dismissed Johnson's claims against the Tribe.[2]

## III

■ Because Lone Butte and Johnson are citizens of different states and the amount in controversy exceeds $75,000, the district court had concurrent jurisdiction with the tribal court over Johnson's claims against Lone Butte pursuant to 28 U.S.C. § 1332.[3]

■ When federal and tribal courts have concurrent jurisdiction over a claim, "considerations of comity direct that tribal remedies be exhausted before the question is addressed by the District Court." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987); *see also National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985); *Stock West Corp. v. Taylor*, 964 F.2d 912, 920 (9th Cir.1992) (en banc).

However, this prudential rule has exceptions, as the Supreme Court noted in *Iowa Mutual*:

> [E]xhaustion [is] not required where an assertion of tribal court jurisdiction is motivated by a desire to harass or is

**2.** Johnson argues that *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes*, 623 F.2d 682, 685 (10th Cir.1980), affords him relief under the ICRA. However, except in habeas corpus actions, this circuit has not recognized relief under the Act against a tribe in a civil action. *See Pink*, 157 F.3d at 1189; *Snow v. Quinault Indian Nation*, 709 F.2d 1319, 1323 (9th Cir. 1983); *Trans–Canada Enters., Ltd. v. Muckleshoot Indian Tribe*, 634 F.2d 474, 476–77 (9th Cir.1980). In addition, the Tenth Circuit has limited *Dry Creek* to extraordinary circumstances not present in this case. *See Bank of*

*Oklahoma v. Muscogee (Creek) Nation*, 972 F.2d 1166, 1170 (10th Cir.1992); *White v. Pueblo of San Juan*, 728 F.2d 1307, 1312 (10th Cir.1984).

**3.** The tribal court had subject matter jurisdiction over the claims because they arose out of commercial relationships with the Tribe on its reservation. *See Strate v. A–1 Contractors*, 520 U.S. 438, 446, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997). We do not reach the question of whether the tribal court had personal jurisdiction over Johnson.

conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction.

480 U.S. at 19 n. 12 (citations and internal quotation marks omitted).

Johnson's primary claim is that a two-year delay in the tribal appellate court renders his appellate claim futile. Delay alone is not ordinarily sufficient to show that pursuing tribal remedies is futile. However, if a functioning appellate court does not exist, exhaustion is per se futile. *See, e.g., Krempel v. Prairie Island Indian Community,* 125 F.3d 621, 622 (8th Cir. 1997) (holding that a litigant need not exhaust tribal remedies when no functioning court existed at the time the original complaint was filed in district court). In this instance, the lack of a briefing schedule, scheduled appellate argument, a meaningful response to the notice of appeal, or an answer to any of Johnson's correspondence for an abnormally extensive period create doubt that a functioning appellate court exists. Accordingly, Johnson raised sufficient genuine issues of material fact as to whether exhaustion would be futile, thus precluding dismissal of his claim.

We therefore reverse the district court's dismissal of Johnson's claims against Lone Butte and remand for the district court to conduct a further inquiry into whether a sufficient tribal appellate remedy exists for the purposes of exhaustion. We affirm the dismissal of Johnson's claims against the Tribe. Each party shall bear its own costs.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.