SIX FLAGS, an Idaho corporation; Estate of Merle Hone; George R. Hone Testamentary Trust, Plaintiffs-counter-defendants—Appellees,

v.

Jimmie DOWTON; Denise Dowton, Defendants-third-party-plaintiffs— Appellants,

v.

U.S. Department Of Agriculture, Farm Service Agency; Bradley J. McMurtrey; Jane Doe McMurtrey; Bart Hone; Jane Doe Hone; Jerilyn Rindfleisch; John Doe Rindfleisch; Jolene Zollinger; John Doe Zollinger; Terrell C. Hone; Jane Doe Hone; Third-party-defendants—Appellees.

No. 02–36052.

D.C. No. CV–01–00089–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2005.

Decided Feb. 25, 2005.

James D. Van Ness, Esq., Van Ness, Hammond, Mooney LLC, Salem, OR, for

Defendants–Third–Party–Plaintiffs–Appellants.

Clay R. Mahaffey, Esq., U.S. Department of Justice, Washington, DC, Robert C. Grisham, Esq., Office of the U.S. Attorney, Boise, ID, Ron Kerl, Esq., Green, Service, Gasser & Kerl, Pocatello, ID, for Third–Party–Defendants–Appellees.

Before SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

MEMORANDUM *

Appellants Jimmie and Denise Dowton appeal the district court's grant of summary judgment to Appellee U.S. Department of Agriculture, Farm Service Agency, (FSA). This case arises out of a suit in state court brought by Six Flags Inc., the Estate of Merle Hone, and the George Hone Testamentary Trust against the Dowtons. As part of that suit, the Dowtons attempted to fix liability on the FSA and Bradley McMurtrey, a farm loan manager with the FSA, by bringing claims against them as third-party defendants. The federal defendants removed the case to district court. The district court issued several orders dealing with the Dowtons' claims, culminating in a grant of summary judgment to the third-party defendants. The Dowtons appeal.

The Dowtons' principal contention is that the district court erred in concluding that McMurtrey was a federal employee acting within the scope of his employment under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(d)(2). The govern-

ment certified that McMurtrey was acting within the scope of his employment at the time he made the challenged statements concerning the Dowtons' financial condition. The Dowtons therefore have the burden of establishing by a preponderance of the evidence that McMurtrey was acting outside the scope of his employment. *See Green v. Hall,* 8 F.3d 695, 698 (9th Cir. 1993)(per curiam). They have not made any such showing. The district court's analysis was correct.

Because we agree with the district court that McMurtrey was acting within the scope of his employment, we must also hold that the substitution of the government for McMurtrey was correct, and that the dismissal of the claims against the FSA which are not cognizable under the Federal Torts Claim Act was also required. *See Pink v. Modoc Indian Health Project, Inc.,* 157 F.3d 1185, 1188 (9th Cir. 1998). We therefore uphold the district court's dismissal of the breach of fiduciary duty, interference with business relations, and conspiracy claims against the FSA.

The Dowtons did not exhaust their administrative remedies against the federal government. They were required to exhaust because the pleading, denominated as a "third party complaint," failed to satisfy the requirements of Federal Rules of Civil Procedure 14(a) and therefore does not qualify the Dowtons for the exemption from exhaustion under 28 U.S.C. § 2675(a). We therefore uphold the district court's dismissal of the breach of fiduciary duty, interference with business relations, conspiracy, and negligence claims against the United States.

The Dowtons also claim a violation of the Privacy Act of 1974, 5 U.S.C. § 552a(b). They have failed to allege or

---

provide evidence of an "adverse effect" caused by the alleged violation as required by the Privacy Act. *See* 5 U.S.C. § 552a(g)(1)(D). They have never explained how the statements themselves caused them any injury.

AFFIRMED.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.