KOZINSKI, Circuit Judge,
concurring:
This appeal gives us no occasion to consider a rat’s nest of problems with the Community’s justice system that may well provide future criminal defendants with avenues for habeas relief. In 1999, we published an opinion expressing “doubt that a functioning appellate court exists” in the Gila River Indian Community. Johnson v. Gila River Indian Cmty., 174 F.3d 1032, 1036 (9th Cir. 1999). Too few reforms have been implemented in the intervening years. When the Community destroys its inventory of Defendant’s Rights forms, it may also wish to reflect on whether it is proud to have: permitted Alvarez only five days to notice an appeal after being sentenced, the shortest such window I have ever heard of; incarcerated Alvarez for nine years without ever providing him assistance of counsel; declined to provide Alvarez with a notice-of-appeal form or any other post-trial guidance about how to take an appeal, see Alvarez v. Tracy, 773 *1031 F.3d 1011, 1024 (9th Cir. 2014) (Kozinski, J., dissenting); incarcerated Alvarez after his conviction in a facility with no law library, preventing him from conducting his own research on the Community’s appeals procedure; failed to ensure that Alvarez was apprised of his rights on the record and by a judge, id. at 1034; permitted prosecutors to convict Alvarez on the basis of hearsay testimony, in plain contravention of his confrontation right; or faulted Alvarez for failing to seek habeas relief in Community court despite the fact that the Community’s own court of appeals has issued an opinion indicating that habeas relief isn’t available under the tribe’s Code.
Regrettably, our decision today comes too late to give Alvarez any meaningful relief. He was released years ago after having spent most of his twenties in the Community’s custody. But this case need not be a total loss. Perhaps the Community and others like it will take this opportunity to reconsider the dubious procedures they employ in their criminal courts.