**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHEN MCCOY,

       Plaintiff-Appellant,

  v.

SALISH KOOTENAI COLLEGE, INC.,
DBA Salish Kootenai College,

       Defendant-Appellee,

CONFEDERATED SALISH AND
KOOTENAI TRIBES OF THE
FLATHEAD RESERVATION,

       Appellee-Intervenor.

No.   18-35729

D.C. No. 9:17-cv-00088-DLC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted October 25, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

Appellant Stephen McCoy appeals from the district court's judgment

dismissing his Title VII and Montana Human Rights Act claims against Salish

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Kootenai College, Inc. ("the College"), his former employer, for lack of subject matter jurisdiction. The district court concluded that the College was immune from suit under the doctrine of tribal sovereign immunity because it qualified as an arm of the Confederated Salish Kootenai Tribes of the Flathead Reservation ("CSKT")— an "Indian Tribe" exempted from the definition of "employer" in Title VII. We review a district court's determination that it lacks jurisdiction because of tribal sovereign immunity de novo and its factual findings relevant to subject matter jurisdiction for clear error. *Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1081–82 (9th Cir. 2013); *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). We affirm.

The parties do not dispute that CSKT is an "Indian Tribe" expressly exempted from the scope of Title VII's definition of "employer." *See* 42 U.S.C. § 2000e(b) (stating that "Indian Tribes" are not "employers" under Title VII). Nor do the parties dispute that an entity that functions as an arm of a tribe also "falls within the scope of the Indian Tribe exemption of Title VII." *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1187–88 (9th Cir. 1998). Thus, the only issue on appeal is whether the College is an arm of CSKT that shares CSKT's sovereign status.

To determine whether an entity is entitled to sovereign immunity as an "arm of a tribe," this circuit considers the following factors: "(1) the method of creation of the economic entities; (2) their purpose; (3) their structure, ownership, and

2

management, including the amount of control the tribe has over the entities; (4) the tribe's intent with respect to the sharing of its sovereign immunity; and (5) the financial relationship between the tribe and the entities." *White v. Univ. of Cal.*, 765 F.3d 1010, 1025 (9th Cir. 2014) (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1187 (10th Cir. 2010)).

Applying the *White* factors, we conclude that only the first factor—the method of creation factor—weighs against finding that the College is an arm of CSKT because this action is against the Montana corporation, not the tribal corporation. The four remaining *White* factors—which assess the College's purpose; its structure, ownership, and management, including the amount of control CSKT has over the College; CSKT's intent to extend its sovereign immunity to the College; and the financial relationship between CSKT and the College—weigh in favor of immunity. Even though the College is incorporated under Montana law, the record demonstrates that CSKT has significant control over the College and that the College is structured and operates for the benefit of CSKT. Because a proper weighing of the *White* factors demonstrates, by a preponderance of the evidence, that the College is an arm of CSKT, the College is entitled to tribal sovereign immunity.

**AFFIRMED.**