FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN P. VILLASENOR, | No.  22-55637 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-01835-JGB-SHK |
| v. | |
| TORRES-MARTINEZ DESERT CAHUILLA INDIANS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 17, 2023[**]
San Francisco, California

Before:  HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Stephen P. Villasenor, a non-Indian, appeals pro se the district court's Fed.

R. Civ. P. 12(b)(1) dismissal of his action against the Torres Martinez Desert

Cahuilla Indians ("Tribe"), a federally recognized Indian tribe.  Villasenor alleged

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations of the Fourteenth Amendment and the Indian Civil Rights Act of 1968 ("ICRA") in the Tribe's termination of his employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a Native American tribe possesses sovereign immunity, *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1158 (9th Cir. 2021), and dismissals based on sovereign immunity, *Crowe v. Or. State Bar*, 989 F.3d 714, 724 (9th Cir. 2021) (per curiam). We affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

"[A]n Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). The Fourteenth Amendment does not constrain the actions of Indian tribes, and Congress did not abrogate tribal sovereign immunity for non-habeas suits under the ICRA. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56, 59 (1978); *see also Johnson v. Gila River Indian Cmty.*, 174 F.3d 1032, 1035 (9th Cir. 1999) ("The only recognized exception to a sovereign immunity defense under the ICRA is a habeas corpus action."). The Tribe has not waived sovereign immunity here. Therefore, sovereign immunity bars Villasenor's non-habeas suit.

**AFFIRMED.**